**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN WHITE JR. and
TARANTA M. GASTON-WHITE,

        Plaintiffs,                       CASE NO. 2:14-cv-12506

v.                                     HON. MARIANNE O. BATTANI

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF PARK PLACE
SECURITIES, INC. ASSET-BACKED
PASS THROUGH CERTIFICATES
SERIES 2005-WCW3; BANK OF
AMERICA, N.A., and SELECT
PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

## I.    INTRODUCTION

This matter is before the Court on motions by Defendants to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Docs. 13, 14.)  Plaintiffs have brought the present action challenging the foreclosure of their mortgaged home and alleging violation of Michigan's statutory foreclosure procedures, violation of the Real Estate Settlement Procedures Act (RESPA), breach of contract, and violation of the Fair Housing Act (FHA).  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss.

## II.    STATEMENT OF FACTS

On May 6, 2005, Plaintiffs entered into a mortgage and loan agreement with Argent Mortgage Company, LLC, in the amount of $159,000, secured by a home located at 2115 Seminole Street, Detroit, Michigan ("the Property").  (Doc. 13, Exs. A, B.)  On May 11, 2005, Argent assigned the mortgage to Defendant Wells Fargo.  (Id. at Ex. C.)  Initially, the mortgage was serviced by Defendant Bank of America (BANA) but was transferred on September 6, 2012, to Defendant Select Portfolio Servicing (SPS) for servicing.  (Compl., Ex. 7.)   In August 2007, Plaintiffs defaulted on their mortgage payments and, consequently, entered into a loan modification agreement with Countrywide Home Loans Servicing, LP, in 2008.  (Doc. 14, Ex. D.)  Plaintiffs then defaulted on the modification agreement by making a late payment.  Accordingly, Wells Fargo foreclosed on the Property, which was sold at a sheriff's sale conducted on March 27, 2014.  At the sheriff's sale, Wells Fargo purchased the Property for $107,152.23 pursuant to a Sheriff's Deed on Mortgage Sale, subject to Plaintiff's six-month statutory right to redeem.  (Doc. 14, Ex. E.)

Plaintiffs made no effort to redeem the Property before their right expired on September 27, 2014.  However, on March 27, 2014, the day of the sheriff's sale, Plaintiffs filed the present action in Wayne County Circuit Court.  The complaint states the following causes of action: (1) violation of Mich. Comp. Laws §§ 600.3205c(1) and 600.3205c(3), (2) violation of RESPA, (3) breach of contract, (4) violation of the FHA, and (5) exemplary damages.  Defendants removed the action to this Court, and on October 20, 2014, filed the instant motions to dismiss.  On December 4, 2014, the Court notified the parties that Defendants' motions would be decided without oral argument.

## III.    STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S., 544, 570 (2007)). A claim that is plausible "pleads factual content that allows the court to draw the reasonable inference" and demonstrates "more than a sheer possibility" that the plaintiff's claim has merit. Id. A complaint that offers "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. While a court must accept as true all factual allegations set forth in a plaintiff's complaint, it is not bound to accept as true a legal conclusion or a legal conclusion couched as a factual allegation. Id. All legal conclusions must be supported by the factual allegations. Id. at 679.

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Further, the Sixth Circuit has found that courts may consider documents not formally incorporated by reference but that are referred to in the complaint and are central to the plaintiff's claim. See Greenberg v. Life Ins. Co., 177 F.3d 507, 514 (6th Cir. 1999).

## IV.    DISCUSSION

### A. Claims Under Mich. Comp. Laws §§ 600.3205c(1) and 600.3205c (3) (Count I)

After a sheriff's sale, a mortgagor has a statutory right to redeem the property by paying a requisite amount within six months of the sale.  Mich. Comp. Laws § 600.3240. If the mortgaged property is not redeemed within six months, the mortgagor's rights in the property are extinguished, and the sheriff's deed vests with the purchaser all rights, title, and interest.  Yono v. Deutsche Bank Nat'l Trust Co., No. 13-13218, 2014 U.S. Dist. LEXIS 25826 at *6 (E.D. Mich. February 28, 2014).  Filing a lawsuit prior to the expiration of the redemption period does not toll the redemption period.  Id.  Once the statutory deadline for redeeming a foreclosed property has expired – as it has in this case – the redemption period may be equitably extended only by a clear showing of fraud or irregularity in the foreclosure proceedings.  See Overton v. Mortg. Elec. Registration Sys., No. 284950, 2009 Mich. App. LEXIS 1209 at *3 (Mich. Ct. App. May 28, 2009).  In order to show fraud or irregularity, plaintiffs must plead that they were prejudiced by a defendant's failure to comply with foreclosure regulations.  Yono, 2014 U.S. Dist. LEXIS 25826 at *9.

Plaintiffs cite to Mitan v. Federal Home Loan Mortgage Corp., 703 F.3d 949 (6th Cir. 2012), for the proposition that a violation of the statutory foreclosure procedures results in a void foreclosure sale and a redemption period that never began.  This reliance on Mitan is misplaced, as the case is recognized to have been overruled by the Michigan Supreme Court in Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98 (2012).  Yono, 2014 U.S. Dist. LEXIS 25826 at *11.  According to Kim, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio.*"  493 Mich. at 115.  Accordingly, Plaintiff's argument is unavailing.

4

Plaintiffs allege several irregularities in the foreclosure process violating Mich. Comp. Laws § 600.3205c.  Specifically, they contend that Defendants failed to conduct a personal meeting with Plaintiffs in spite of their request for a loan modification; that Defendants failed to determine whether Plaintiffs qualified for a modification and failed to provide the calculations relating to Plaintiffs' eligibility; and that Defendants improperly proceeded with a foreclosure by advertisement rather than a judicial foreclosure.  However, as argued by Defendants, the statute Plaintiff relies upon, Mich. Comp. Laws § 600.3205c, was repealed effective June 30, 2013, see Mich. Comp. Laws § 600.3205e (2012), and was later superseded by § 600.3204 (2014).  The foreclosure proceedings at issue in the present case were initiated on February 26, 2014.  (See Compl., Ex. 11.)  Courts have declined to apply Mich. Comp. Laws §§ 600.3205a-d where, as here, the foreclosure proceedings took place after the repeal. See, e.g., Selakowski v. Fed. Home Loan Mortg. Corp., No. 13-12335, 2014 U.S. Dist. LEXIS 37966 at *31, n.13 (E.D. Mich. March 24, 2014) ("Michigan recently enacted legislation under which § 600.3205c and other related statutory provisions are repealed as of June 30, 2014, and the terms of § 600.3205c no longer apply to foreclosure proceedings in which the first notice is published after January 9, 2014."); Hardwick v. HSBC Bank United States, No. 310191, 2013 Mich. App. LEXIS 1278 at *4-5 (Mich. Ct. App. July 23, 2013) ("[T]he Michigan Legislature has repealed the mortgage-modification statutes relied on by plaintiffs in this case, effective June 30, 2013. Thus . . . the issues presented in this case are now moot because neither the circuit court nor this Court can fashion the relief that plaintiffs seek on appeal." (citations omitted)). Accordingly, Plaintiffs' claims under § 600.3205c must be dismissed.

### B. RESPA Claims (Count II)

Count II of the complaint concerns Plaintiffs' allegations that Defendants violated RESPA (Regulation X) (12 U.S.C. § 2605; 12 C.F.R. § 1024.1 *et seq.*) by commencing foreclosure proceedings on the Property while still reviewing Plaintiffs' application for a loan modification and requesting a new application for modification review without making a decision on an initial application. The RESPA regulations did not become effective until January 10, 2014. See Mortgage Servicing Rules Under the Real Estate Procedures Act (Regulation X), 78 Fed. Reg. 10696 (Feb. 14, 2013) (codified at 12 C.F.R. § 1024.41). Defendants argue that because Plaintiffs did not request a loan modification after the effective date, the statute is inapplicable. Indeed, other courts in this District have declined to apply RESPA retroactively. See Ray v. US Bank, N.A., No. 14-cv-11831, 2015 U.S. Dist. LEXIS 9424 at *9-10 (E.D. Mich. Jan. 28, 2015); Campbell v. Nationstar Mortg., No. 14-cv-10645, 2014 U.S. Dist. LEXIS 107910 at *14-15 (E.D. Mich. May 19, 2014). These cases, however, are factually distinguishable from the present case. While Ray and Campbell concern foreclosures occurring prior to RESPA's effective date, the present case involves foreclosure proceedings that began after RESPA became effective. A factually similar case from the Southern District of Florida draws the same factual distinction. See Lage v. Ocwen Loan Servicing LLC, No. 14-CIV-81522, 2015 U.S. Dist. LEXIS 17299 at *7-8 (S.D. Fla. Feb. 12, 2015).

Defendants maintain that RESPA does not apply because Plaintiffs did not request a loan modification after the date RESPA became effective. The same argument was presented and rejected in Lage. Id. at *9. The court reasoned that as a consumer protection statute, RESPA should be "'construed liberally in order to best

serve Congress' intent.'" Id. (quoting McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2011)).  Accordingly, the court found that the defendants' "harsh interpretation appears to conflict with the nature and purpose of the statute."  Id.

Perhaps most persuasively, Lage cites to a non-binding consumer guide published by the Consumer Financial Protection Bureau, which states:

> These new rules became effective on January 10, 2014. Any borrower who files a complete loss mitigation application on or after January 10, 2014 and more than 37 days before a foreclosure sale is entitled to an evaluation of the complete loss mitigation application for all available loss mitigation options (so long as the conditions of 12 C.F.R. 1024.41 are met). *The servicer must conduct this evaluation even if the borrower previously filed for, was granted, or was denied a loss mitigation plan before January 10, 2014.*

CFPB, Help for Struggling Borrowers: A guide to the mortgage servicing rules effective on January 10, 2014, at 8 (January 28, 2014) (available at http://files.consumerfinance.gov/f/201402_cfpb_mortgages_help-for-struggling-borrowers.pdf) (emphasis added).  The Court agrees with the conclusions set forth in Lage and declines to find that RESPA is inapplicable in a case where the loan modification request was made prior to the effective date and the foreclosure took place after the effective date.  Accordingly, dismissal is inappropriate as to Plaintiffs' RESPA claim.

### C.  Breach of Contract Claim (Count III)

"The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform."  Michaels v. Amway Corp., 206 Mich. App. 644, 650 (Mich. Ct. App. 1994).  However, this rule "only applies when the initial breach is substantial."  Id.

7

Plaintiffs assert that Wells Fargo and BANA breached the modification contract by "failing to provide Plaintiff[s] with a stable permanent modification, refusing payments and subsequently referring Plaintiffs' mortgage loan for foreclosure."  (Compl., ¶ 62.) According to the terms of the modification agreement, Plaintiffs were to begin making monthly payments of $1,633.28 beginning on April 1, 2008.  (Doc. 14, Ex. D at ¶ 2.) Plaintiffs also agreed that they would comply with all other terms and covenants made in the original mortgage agreement (id. at ¶ 5), including the term that failure to pay the full amount of each monthly payment on the date it is due would result in default (Doc. 16, Ex. A at ¶ 7(B).)  The evidence reflects that Plaintiffs made their April payment on April 15, 2008, two weeks after it was due.  (Compl., Ex. 3.)  Because Plaintiffs' first regular payment was late, Defendants were under no obligation to accept the payment. Consequently, Plaintiffs were the first to breach the modification agreement, and this breach was substantial.  See Nowicki-Hockey v. Bank of America, No. 11-cv-10482, 2014 U.S. Dist. LEXIS 11865 at *9-10 (E.D. Mich. Jan. 31, 2014) (finding plaintiff's payment, late by two weeks, to be a substantial breach of the mortgage agreement), *vacated and remanded on other grounds*, 593 F. App'x 420 (6th Cir. 2014).

In support of their breach of contract claim, Plaintiffs rely on Slorp v. Lerner, Sampson & Rothfuss, 587 F. App'x 249 (6th Cir. 2014).  This case does nothing to strengthen Plaintiffs' position, as it is entirely inapposite to the present set of facts. First, Slorp concerns Ohio law, not Michigan law.  See id. at 252.  Second, Slorp involved damages in the form of attorney fees expended in defending a foreclosure action filed by BANA, which had claimed an interest in the mortgage based on an allegedly invalid assignment.  Id. at 251-52.  Third, the claims advanced concerned debt

collection practices and not loan modification statutes or breach of contract. Id. Lastly, the portions of the case highlighted by the Plaintiffs concern Article III standing, which is not at issue in the present case. See id. at 254, 263-64. To the extent that Plaintiffs rely on Slorp for the proposition that the Court is obligated to assume the veracity of the allegations contained in the complaint, the Court has done so with reference to the exhibits attached to the complaint and mortgage documents cited therein. As a result, Plaintiffs' breach of contract claim must be dismissed.

### D. FHA Claim (Count IV)

Count IV of Plaintiffs' complaint advances a claim of racial discrimination in violation of the FHA. Specifically, Plaintiffs allege discrimination based on Defendants' noncompliance with the Home Affordable Modification Program (HAMP) and denial of an opportunity to refinance or modify the mortgage agreement. Defendants maintain that this claim must be dismissed because it was made in an effort to circumvent HAMP's lack of a privately enforceable cause of action. Defendants are correct in stating there is no private right of action pursuant to HAMP. See Hart v. Countrywide Home Loans, Inc., 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010). Yet, the Sixth Circuit has found that federal laws providing no private right of action may nevertheless be used "offensively" in order to assert claims arising under alternative authority. Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149, 166 (6th Cir. 2014) ("The absence of a private right of action from a federal statute provides no reason to dismiss a claim under a state law just because it refers to or incorporates some element of the federal law. To find otherwise would require adopting the novel presumption that where Congress provides no remedy under federal law, state law may not afford one in its stead."

(internal citations and quotations omitted)).  In the present case, the complaint quotes from various HAMP provisions but ultimately sets forth a racial discrimination claim arising under the FHA – accordingly, the Court's analysis focuses on the legal authority applicable to FHA claims.

In order to state a claim under § 3605 of the FHA, plaintiffs must plead the following four factors: (1) they were members of a protected class; (2) they attempted to engage in a real estate-related transaction with the defendants and met all relevant qualifications for doing so; (3) the defendants refused to transact business with the plaintiffs despite their qualifications; and (4) the defendants continued to engage in that type of transaction with other parties with similar qualifications.  Mich. Protection & Advocacy Serv. v. Babin, 18 F.3d 337, 342 (6th Cir. 1994).  Plaintiffs' complaint fails sufficiently to allege each of these essential elements.  Plaintiffs have not alleged that they met all relevant qualifications for engaging in a loan modification or that Defendants continued to engage in loan modifications with individuals with similar qualifications outside of Plaintiffs' class.  Moreover, Plaintiffs' allegations that Defendants' actions were motivated by racial animus are speculative conclusions unsupported by the factual allegations.  Therefore, Plaintiffs' FHA claim must be dismissed.

### E.  Exemplary Damages (Count V)

The Court briefly notes that because exemplary damages are a form of compensation and not a cause of action, Count V of Plaintiffs' complaint fails to state a claim and must be dismissed.  See Bernard v. Fannie Mae, No. 12-14680, 2013 U.S. Dist. LEXIS 42867 at *24 (E.D. Mich. March 27, 2013).

10

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss and **DISMISSES** Counts I, III, IV, and V of the present case.

**IT IS SO ORDERED.**

Date:        April 22, 2015                         s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 22, 2015.


s/ Kay Doaks
Case Manager